WARNER, C.J.
We reverse the final summary judgment determining that the appellee continues to be totally disabled and unable to pay child support to the appellant. We find that the appellee’s ability to pay child support is a disputed issue of fact.
In August of 1996, the court entered a final judgment of paternity, finding that the appellee was the father of appellant’s child but determined also that the father was totally and permanently disabled. Thus, the court awarded no child support. However, it did require the appellee to apply to the Office of the Social Security Administration (“SSA”) for benefits on behalf of the child.
Two years later, appellant initiated a URESA action to obtain child support. The father objected, claiming that he remained totally disabled. This statement is supported only by his own affidavit which states simply that he is totally and permanently disabled, unemployed and unemployable, and that his financial circumstances have not changed since the final judgment. The affidavit points out that he filed an application for benefits with the SSA pursuant to the final judgment; however, the application was denied. The record contains the SSA’s decision, dated April of 1996, denying appellee’s claim that he was totally disabled. The SSA based its decision on the hearing officer’s conclusion that appellee was exaggerating his complaints and that his testimony was not credible. The administrative law judge found that appellee was able to perform his previous employment as a sales representative.
Because we cannot tell from the record whether the administrative law judge’s decision was brought to the attention of the trial court prior to its 1996 ruling, we do not rely on it alone to justify our reversal. We conclude that appellee’s statement in his affidavit that he applied for social security disability benefits on behalf of his daughter, which were denied, raises a disputed issue of material fact as to whether he continues to be disabled from work. One can infer that this denial of benefits was based on a determination that appel-lee is not totally disabled. Therefore, ap-pellee has failed to prove the non-existence of a material fact. See Holl v. Talcott, 191 So.2d 40, 43-44 (Fla.1966).
The record provides facts from which the court could find that appellee is not disabled. The public policy of this state requires that parents support their children, and our courts should excuse such support only when the parent is completely disabled and' unable to provide any level of support to the child. Thus, the court should impute income to a voluntarily unemployed parent. See §§ 61.30(2)(b), 742.031(1), Fla. Stat. (1997). The record in this case makes appellee’s ability to work a disputed issue of fact.
Reversed.
KLEIN; J„ and OWEN, WILLIAM C., Jr., Senior Judge, concur.